**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TAMMY M. AGUILERA,

     Plaintiff,

v.                                                    Case No. 8:25-cv-1572-KKM-AEP

WEST POINT UNDERWRITERS,

     Defendant.

_____

## <u>ORDER</u>

Tammy M. Aguilera sues her former employer, West Point Underwriters, for failure to pay overtime wages under the Fair Labor Standards Act (FLSA) and for unpaid wages under Florida common law. Compl. (Doc. 1). Aguilera alleges that between December 2022 and April 2024, she regularly worked overtime and that Westpoint did not compensate her. *Id.* ¶¶ 18–21, 24–26. The parties jointly move for approval of their proposed settlement of Aguilera's FLSA claim. Am. Mot. (Doc. 25); *see Lynn's Food Stores, Inc. v. U.S. Dep't of Lab.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). For the below reason, I grant the motion and enter final judgment in this case.

To begin, although they move for approval, the parties assert that "[t]he provision of full compensation and relief in the FLSA settlement provides final and binding effect, and judicial approval is not necessary." Am. Mot. at 2. This

is incorrect in the Eleventh Circuit. "On its face, *Lynn's Food* suggests no exception to judicial oversight of settlements when the employee receives all wages due," *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam), and the parties offer no authority to the contrary.

Under the proposed settlement agreement, Aguilera agrees to settle her claim for $3,950 representing unpaid wages, $3,950 representing liquidated damages, and $4,000 representing attorney's fees and costs. Agreement (Doc. 25-1) at 3–4. The parties represent that, based on Aguilera's pay and time records, Aguilera will receive the full amount claimed that falls within the statute of limitations period. Am. Mot. at 2. Likewise, "[t]he attorneys' fees and costs allocated under the settlement reached herein were negotiated separately at all times and are not based upon the amounts claimed to be owed to Plaintiff[]." *Id.* at 3. As to Aguilera's non-FLSA claim, the parties entered a separate settlement agreement that was "negotiated separately from the FLSA Settlement Agreement, provide[s] separate consideration, and there is no allocation of attorneys' fees or costs." *Id.* at 4. Given these figures and the parties' representations, I approve the settlement agreement as a fair and reasonable resolution of Finateri's claims. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1238–47 (M.D. Fla. 2010).

Accordingly, the following is **ORDERED**:

1.    The Joint Motion for Approval of Settlement Agreement (Doc. 25) is **GRANTED.**

2.    In the light of the parties' announcement of the settlement of their FLSA and non-FLSA claims,[1] the Clerk is directed to enter **JUDGMENT**, which shall read: "This case is dismissed with prejudice consistent with the terms of the parties' proposed settlement," **TERMINATE** all pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 31, 2026.

Kathryn Kimball Mizelle
United States District Judge

---

[1] This order functions "as a stipulated judgment under Rule 41(a)(2)." *See O'Neal v. American Shaman Franchise Sys., Inc.*, 2026 WL 377792, at *8 (Rosenbaum, J., concurring).